FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D N.Y

★ FEB 23 2011 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TITO GREENE,

                Petitioner,

   -against-

WILLIAM LEE,

                Respondent.
------------------------------------------------------------X

**OPINION & ORDER**
**10-CV-2208**

FEUERSTEIN, J.

On May 12, 2010, *pro se* petitioner Tito Greene ("petitioner") filed a petition ("the petition" or "the 2010 petition") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 26, 2010, respondent William Lee ("respondent") moved to dismiss the petition pursuant to 28 U.S.C. §§ 2244(d)(1) and 2244(b). Petitioner has not opposed the motion to date. For the reasons set forth below, the motion is granted and the petition is dismissed.

I.    Background

Petitioner was convicted of four (4) counts of robbery in the second degree. Petition ("Pet.") at 1. On February 9, 2004, was sentenced in the County Court of the State of New York, Nassau County to consecutive prison terms of ten (10) years, eleven (11) years, twelve (12) years and fifteen (15) years for each respective count. *Id.*

1

A. Post-conviction Procedure

Petitioner appealed the conviction to the Second Department of the Supreme Court, Appellate Division, and the conviction was affirmed on October 24, 2006. See People v. Greene, 33 A.D.3d 936, 826 N.Y.S.2d 297 (N.Y. App. Div 2006). The Appellate Division upheld the admission of the evidence of prior uncharged crimes, found that there was legally sufficient evidence to establish defendant's guilt beyond a reasonable doubt, and modified petitioner's sentence to an "aggregate maximum term of imprisonment" of twenty (20) years. Id. at 937. Leave to appeal was denied by the New York State Court of Appeals on December 19, 2006. People v. Greene, 7 N.Y.3d 925, 860 N.E.2d 996, 827 N.Y.S.2d 694 (Table) (N.Y. 2006). Petitioner did not file for a petition of certiorari in the United States Supreme Court. *See* Pet. at 2.

Petitioner indicates he filed an application for a writ of error coram nobis with the Appellate Division, which was denied on December 1, 2009. *Id.* at 4-5, 6-7. Petitioner does not indicate on what date the application was filed. On February 24, 2010, the Court of Appeals denied leave to appeal. *Id.* at 5, 7, 13.

B. The 2008 Petition

On March 24, 2008, petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 before this court ("the 2008 petition"). *See* Motion to Dismiss ("Mot.") at Exhibit 3. Petitioner alleged that the trial court "permitted evidence of [an] uncharged robbery at

2

his trial" and that therefore his due process rights had been violated. *Id.* Respondent Robert Ercole submitted his reply on May 30, 2008. *Id.* at Exhibit 4. In a letter application filed on October 22, 2008, petitioner sought to withdraw the 2008 petition after the "law clerk" advised him that "that aspect of [the 2008 petition] is not properly exhausted," and that arguing that it deprived him of a fair trial would be an "exercise in futility." *Id.* at Exhibit 1 at 1-2. On November 6, 2008, the application to withdraw the 2008 petition was granted without prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. *Id.* at Exhibit 2.

C. The 2010 Petition

The 2010 petition seeks a writ of habeas corpus on the grounds that: (1) appellate counsel failed to argue that the evidence at trial was insufficient because "no witnesses were sworn to a recognized oath"(the "insufficient evidence claim"); and (2) evidence of charged crimes was introduced to the jury as evidence of uncharged crimes (the "uncharged crimes claim"). Pet. at 4-6.

II. Analysis

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, governs applications of incarcerated state court defendants seeking federal habeas corpus relief.

3

A.  Successive Applications for a Writ of Habeas Corpus

The AEDPA requires an applicant filing a successive application for a writ of habeas corpus to "move in the appropriate court of appeals for an order authorizing the district court to consider the application" or else the successive application shall be dismissed. 28 U.S.C. §§ 2244(b)(3)(A), 2244(b)(4). Respondent argues that Thai v. United States, 391 F.3d 491, 494-95 (2d Cir. 2004) (applying the successive application rule to a § 2245 petition) holds that when a petitioner concedes that the petition lacks merit, a withdrawal "is akin to a dismissal on the merits." Mot. at 4 (citing Thai, 391 F.3d at 495). Because petitioner has received authorization from an appellate court, respondent argues that the 2010 petition must be dismissed.

Prior to applying 28 U.S.C. § 2244(b), a court must determine whether to consider an initial petition as a first petition. Thai, 391 F.3d at 494 (citing Ching v. United States, 298 F.3d 174, 177 (2d Cir. 2002); see also Whab v. United States, 408 F.3d 116, 118 (2d Cir. 2005)). A court must evaluate "whether the circumstances surrounding withdrawal clearly and objectively indicate that the petitioner knows his or her motion is meritless." Thai, 391 F.3d at 495. However, "an initial petition that is dismissed without prejudice because it contains curable procedural defects or because it presents unexhausted claims is not a first petition for purposes of §§ 2244 and 2255." Thai, 391 F.3d at 495 (citing Graham v. Costello, 299 F.3d 129, 132-33 (2d Cir. 2002))

The application to withdraw the 2008 petition explains that the reason for withdrawal of the uncharged crime claim is that the "claim is not properly exhausted." Mot. at Exhibit 1, at 2. Additionally, petitioner states in the letter application of withdrawal that:

> The clerk further advised me that it would be an exercise in futility to argue that the admission of the uncharged crime deprived me a fundamentally fair trial because this court would have to determine whether the error was harmless under Brecht -v- Abramhamson, 507 U.S. 619, and the clerk believes that he is unable to overcome that standard of review, in light of the overwhelming evidence of guilt presented in this case.

Mot. at Exhibit 1 at 2. Respondent contends that the petitioner's claims were not curable, that petitioner did not claim that the defects were curable, and that therefore, petitioner's withdrawal should be viewed as a withdrawal on the merits. Respondent further contends that petitioner withdrew the 2008 petition on the merits because the letter application acknowledges that the court could not grant his application. Mot. at 4-6.

Although the circumstances surrounding the withdrawal "might seem to suggest that [petitioner] knew his initial petition lacked merit," Thai, 391 F.3d at 496, his *pro se* status, his indication that a determination on the merits was made by the law clerk, and his statement that the claims had not been exhausted, taken collectively, do not "unambiguously indicate that he viewed his petition as completely lacking in merit." Id. Furthermore, respondent's arguments ignore the order issued by this court which explicitly dismissed the 2008 petition without prejudice and did not consider the merits. For these reasons, the 2010 petition is not a second or successive petition.

B. Timeliness

AEDPA applies a one (1) year period in which an petitioner may apply for a writ of habeas corpus which runs, in relevant part, from the "date on which the judgment became final

5

by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244 (d)(1)(A). The Second Circuit determines the limitations period to begin to run at "the completion of direct appellate review in the state court system and either the completion of certiorari proceedings in the United States Supreme Court, or - if the prisoner elects not to file a petition for certiorari - the time to seek direct review via certiorari has expired." Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001). Petitioner has ninety (90) days to file a petition for a writ of certiorari after leave to appeal his conviction had been denied by the Court of Appeals, by March 19, 2007. Rule of the Supreme Court of the United States 13(1). Therefore, unless the filing period has been tolled, petitioner was required to file any applications for a writ of habeas corpus by March 19, 2008.

AEDPA permits tolling of the one (1) year limitation for any period "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" 28 U.S.C. § 2244(d)(2). Plaintiff argues that the period to file the 2010 application was tolled until February 24, 2010, the date that the Court of Appeals denied leave to appeal the denial of the application for a writ of error coram nobis. Pet. at 13. The 2008 petition describes the post-conviction review which had occurred prior to the date it was filed, March 24, 2008, but does not indicate any state post-conviction or collateral review with respect to the conviction that had been decided or was pending after December 19, 2006 but before March 19, 2008. Therefore, as the applications for writs of error coram nobis had not been made within one (1) year and ninety (90) days of the Court of Appeals decision, their pendency does not toll the one (1) year period pursuant to 28 U.S.C. § 2244(d)(2).

There are two requirements for equitably tolling the statute of limitations: "'(1) that

[petitioner] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336, 127 S. Ct. 1079, 166 L. Ed.2d 924 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed.2d 669 (2005)). Although the petition indicates that it was signed on March 18, 2008, petitioner has not alleged that he has been pursuing his rights diligently or that any extraordinary circumstances prevented him from filing the application within the one (1) year period, except to allege that the petitions are timely, acknowledging the one (1) year limitations period. The Court finds no extraordinary or unusual circumstances that would justify equitable tolling of AEDPA's one (1) year limitation period. For these reasons, the 2010 petition is untimely.

III. Conclusion

The motion to dismiss the petition pursuant to 28 U.S.C. § 2244(d)(1) is granted. The Clerk of the Court is directed to close this case.

**SO ORDERED.**

SANDRA J. FEUERSTEIN
United States District Judge

Dated: February 23, 2011
 Central Islip, New York